UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL HOUCK | : |
|         Plaintiff | :   CIVIL ACTION |
| | : |
| vs. | :   No. |
| | : |
| THE CHURCH FARM SCHOOL | :   JURY TRIAL DEMANDED |
|         Defendant | : |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff Carol Houck brings this action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e *et seq.* (Title VII), as amended and the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* (PHRA), challenging her termination from employment by Defendant Church Farm School (Church Farm). Ms. Houck had a history of satisfactory performance until she complained of sexual harassment at work, after which she was subjected to increasing retaliation and, eventually, was terminated for conduct that was tolerated by co-workers who had not made waves about similar sexual behavior at work. She alleges that her termination was unlawful retaliation under Title VII and the PHRA.

Plaintiff seeks a declaration to that effect. Additionally, she seeks legal and equitable relief requiring the Defendants to compensate her for all the pay and other emoluments of employment she has lost or will lose as a result of their illegal actions, including but not limited to back pay and front pay, as well as compensatory damages. She also seeks reimbursement for the attorneys' fees and costs she has incurred, and will incur, in the prosecution of this action.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction under 42 U.S.C. Sec. 2000e-5(f)(3).

3. Venue lies in this court pursuant to 42 U.S.C. §222e-5(f)(3) because the unlawful employment practice is alleged to have taken place here, the employment records related thereto are located here, and the plaintiff would have worked here but for the unlawful employment practice.

## III. PARTIES AND ADMINISTRATIVE PRECONDITIONS

4. Plaintiff Carol Houck is an adult female citizen of the United States and resides at 63 Brighton Court, Downingtown, PA 19335.

5. The Defendant Church Farm is a non-profit organization incorporated and existing under the laws of Pennsylvania, with its principal place of business at 1001 East Lincoln Highway in West Whiteland Township, Chester County, Pennsylvania.

6. Church Farm has, at all relevant times, employed more than fifteen employees in Pennsylvania.

7. On or about July 25, 2016, Ms. Houck filed a complaint of discrimination alleging, *inter alia*, sex discrimination and retaliation by Church Farm with the Pennsylvania Human Relations Commission (PHRC), which was assigned Case No. 201600528.

8. The aforesaid complaint was transmitted to and cross-filed with the Equal Employment Opportunity Commission (EEOC) and assigned Docket No. 17F201760541.

9. On or about November 27, 2023, the EEOC issued a Notice of Right to Sue with respect to both of the said matters.

-2-

10. All conditions precedent to the filing of this action have thus been completed.

## IV.   FACTS

11. Church Farm operates a private boarding school for boys founded in 1918, offering a college preparatory curriculum.

12. Ms. Houck became an employee of Church Farm on or about December 4, 2000, in the position of Administrative Assistant to the Assistant Head of School, with compensation including salary and employee benefits, one of which was subsidized enrollment for her own nephews at Church Farm.

13. From the time of her hiring through the end of April 2013, Ms. Houck provided satisfactory work performance, receiving regular increases in her compensation.

14. On or about May 16, 2013, however, Ms. Houck made a complaint to Church Farm management about sexual harassment by another employee.

15. On or about May 31, 2013, Ms. Houck was called into a meeting with the Head of School and the harassing employee. During this meeting, the Head of School announced a decision to take no adverse action against the harassing employee, although he acknowledged that his conduct had been harassment.

16. Thereafter, Ms. Houck was treated with suspicion and skepticism by her managers, especially the Head of School and her immediate supervisor, whose lack of communication with her presented difficulty to her in performing her job until he was replaced in that capacity in August of 2015.

17. On or about September 15, 2015, Ms. Houck met with Church Farm's human resources consultant and told him she believed her treatment marginalization was in reaction to

her 2013 complaint of sexual harassment.

18. On or about October 10, 2015, Ms. Houck met with the Head of School concerning having been removed from Church Farm's safety committee. The Head of School stated that she could be "opinionated" and that this was not viewed favorably in the committee's meetings.

19. On or about December 2, 2015, Ms. Houck met with the human resources consultant again, and reiterated that she believed her marginalization, including the removal from the safety committee, was discrimination based on her sex and her prior complaints.

20. In addition, on information and belief, during the period of December 2015 or early January 2016, Church Farm's management discussed the need to re-evaluate Ms. Houck's employment status and began to seek a pretext for her termination if she did not elect to resign.

21. In January 2016, a student hit Ms. Houck but no disciplinary action was taken concerning the incident.

22. As part of her job duties, Ms. Houck posted and distributed a daily e mail to the staff and students of Church Farm which included a commentary on some historic event or prominent person with was made available by educational websites for that purpose.

23. On January 26, 2016, Ms. Houck posted such an article, entitled "Mozart's Much Less Family-Friendly Works," which discussed Wolfgang Amadeus Mozart's taste for scatological humor, and included some examples thereof.

24. On January 29, 2016, Church Farm terminated Ms. Houck's employment, asserting that the January 26, 2016 e mail was a distribution of inappropriate material to the student body and staff.

25. That assertion, however, was merely the pretext that Ms. Houck's superiors had been looking for, in that staff members had included material of very similar and equally explicit scatological humor on student reading lists in the 2016 curriculum guide and those for earlier years, as well as sponsoring and praising presentations from alumni and other outside speakers that included analogous or more extreme behaviors.

26. As a result of Church Farm's adverse action, Ms. Houck has been injured by lost employment, including the wages, salary and benefits she would have earned, and compensatory time she was never credited with while she was employed there.

## V.    CAUSES OF ACTION

### COUNT I: TITLE VII RETALIATION

27. The allegations set forth in Paragraphs 1 - 27 are re-alleged and incorporated by reference herein.

28. Under 42 U.S.C. §2000e-2(a), it is an unlawful employment practice to discriminate against an employee based on sex.

29. Under 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against an employee because she has opposed any practice made unlawful by Title VII or because she has made a charge, assisted or participated in any manner in any investigation of such practices.

30. Ms. Houck's complaints, as detailed above, in 2013 and thereafter, were therefore conduct protected under Title VII.

31. Accordingly, Church Farm's actions in retaliation for Ms. Houck's complaints of discrimination and retaliation was unlawful in violation of Title VII.

## COUNT II: PHRA RETALIATION

32. The allegations of Paragraphs 1 - 30 are re-alleged and incorporated by reference herein.

33. Under 43 P.S. §955(a), it is an unlawful employment practice to discriminate against an employee based on sex.

34. Under 43 P.S. §955(d), it is an unlawful employment practice for an employer to discriminate against an employee because she has opposed any practice made unlawful by the PHRA or because she has made a charge, assisted or participated in any manner in any investigation of such practices.

35. Ms. Houck's complaints, as detailed above, in 2013 and thereafter, were therefore conduct protected under the PHRA.

36. Accordingly, Church Farm's actions in retaliation for Ms. Houck's complaints of discrimination and retaliation was unlawful in violation of the PHRA.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

1. A declaratory judgment that the Defendants' denial of her employment opportunities constituted unlawful discrimination in violation of Title VII and the PHRA.

2. An award of all financial compensation she would have earned if it had not been for their illegal actions and as if her employment had never been interrupted, including, but not limited to full back pay with any other benefits for which she would have been eligible.

3. An award of compensatory damages for the emotional distress, and other compensatory losses she sustained as a result of its illegal actions in an amount in excess of $150,000.

4. An award of punitive damages;

6. Award Plaintiff and her counsel all costs and attorneys' fees she has incurred or will incur in the prosecution of this action.

7. Award all other relief which may be just and proper under the circumstances.

William T. Wilson
20 West Miner Street
West Chester, PA 19382
484-605-1146
bill@wtwilsonlaw.com
Attorney for Plaintiff